UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION


FILED
APR 11 2018
CLERK

| | |
|---|---|
| GARY LONG, JR., <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:18-CV-01007-CBK <br><br> OPINION AND ORDER |

Petitioner has filed a motion to vacate, set aside, or correct his conviction for aggravated sexual abuse and 540 month sentence in 1:01-cr-10021-CBK pursuant to 28 U.S.C. § 2255.

This case arises out of events beginning in the early morning hours of October 5, 2001, when the petitioner was 15 years old. Petitioner broke into a residence of a 30 year old woman in McLaughlin, South Dakota, on the Standing Rock Indian Reservation. He raped the woman, kidnapped her in her vehicle, drove 200 miles to Bear Butte State Park, murdered her, and left her body in a secluded area. He then drove her car 40 miles to Rapid City, South Dakota. Prior to arriving in Rapid City, he stopped to wipe down and vacuum the inside of the car. When he arrived in Rapid City, he disposed of the vacuum and the victim's clothing in a dumpster. Two days later, while he was driving the car around Rapid City with his sister, the vehicle ran out of gas on the roadway. When a patrol officer approached the vehicle, petitioner fled. The vehicle was traced to the victim and local law enforcement had, by that time, been notified that the victim was missing and her home had been broken into. Petitioner was arrested in Bismarck, North Dakota, on October 8, 2001. Following an interview with the petitioner, law enforcement unsuccessfully tried to locate the victim's body. Petitioner personally directed law enforcement to the location of the victim's body on October 11, 2001.

Petitioner was charged on October 9, 2001, by information with juvenile delinquency in the commission of the crimes of kidnapping, burglary, and larceny. A superseding information added the crime of aggravated sexual abuse. Following a psychiatric evaluation and a transfer hearing, the government's motion to transfer was granted. The United States Court of Appeals for the Eighth Circuit affirmed on interlocutory appeal. Thereafter, an indictment was filed charging the four crimes set forth in the superseding information. Petitioner entered into a plea agreement wherein he agreed to plead guilty to the crime of aggravated sexual abuse. The parties jointly recommended a sentence of 42 years, nine months (513 months). He was ultimately sentenced on April 14, 2003, to 45 years custody (540 months). He was 17 years old at the time of his sentencing. His is currently scheduled to be released in 2044, when petitioner will be 58 years old.

The Federal Public Defender's Office filed a motion to vacate petitioner's sentence in 2013, 1:13-cv-01012-CBK, contending that his sentence was the functional equivalent to a sentence of life without parole in violation of the Eighth Amendment. *See* Miller v. Alabama, 567 U.S. 460, 479, 132 S. Ct. 2455, 2469, 183 L. Ed. 2d 407 (2012) ("The Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."). That motion was summarily denied and a certificate of appealability was denied both by this Court and the United States Court of Appeals for the Eighth Circuit.

Petitioner filed the instant petition *pro se* contending that he currently suffers from a mental illness requiring the assistance of counsel. He contends that his guilty plea was not knowing or voluntary because his plea was coerced with threats that he could be subject to the death penalty. He contends that trial counsel was ineffective in failing to advise him that it would have been unconstitutional to sentence him to death for a crime committed prior to his reaching the age of 18 years. He contends that counsel in his first habeas proceeding was ineffective in failing to raise the foregoing issues in his first motion to vacate.

Pursuant to 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A), and Rule 9 of the Rules Governing Section 2255 Proceedings for the United Sates District Courts, before presenting a second or successive motion to vacate, petitioner must obtain an order from the United States Court of Appeals for the Eighth Circuit authorizing the district court to consider the motion. Defendant has failed to comply with the rules governing second or successive motions.

Now, therefore,

**IT IS ORDERED** that the second or successive motion to vacate, set aside, or correct sentence is denied.

**IT IS FURTHER ORDERED** that the motion, Doc. 2, to appoint counsel is denied.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. No certificate of appealability will be granted. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22(b).

DATED this 6th day of April, 2018.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge